1234 Broadway LLC, Petitioner-Landlord-Appellant, 
against
Sui Ping Wong and Yong You, Respondents-Tenants, and Chungeng Lin, Respondent-Occupant-Respondent, and Jinlan Zheng, and "John and/or Jane Doe," Respondents-Occupants.



Petitioner-landlord appeals from those portions of an order of the Civil Court of the City of New York, New York County (Bernadette G. Black, J.), dated February 29, 2016, which denied its cross motion to strike specified affirmative defenses and the jury demand, and for summary judgment on the holdover petition or, alternatively, for discovery.




Per Curiam.
Order (Bernadette G. Black, J.), dated February 29, 2016, insofar as appealed from, affirmed, with $10 costs.
This holdover proceeding is not susceptible to summary dismissal. The evidence contained in the pre-discovery record now before us raises material questions of fact as to the nature of respondent Lin's entry into and occupancy of the subject single room occupancy unit - allegedly since 1992 when the building was owned by a predecessor landlord - and the viability of his defenses that he is a permanent tenant (see Rent Stabilization Code §2520.6[j]) and/or the successor tenant to his brother, nonparty Li Xia Lin (see RSC §§ 2520.6[o], 2523.5[b][1]). These matters should be resolved following disclosure and, if necessary, a trial on the merits (see 157 East 89th St., LLC v McAuliffe, 42 Misc 3d 143[A], 2014 NY Slip Op 50270[U] [App Term, 1st Dept 2014]; 494 Hudson LLC v Estey, 24 Misc 3d 144[A], 2009 NY Slip Op 51786[U] [App Term, 1st Dept 2009]; Uptown Realty Group, L.P. v Buffaloe, 6 Misc 3d 133[A], 2005 NY Slip [*2]Op 50164[U] [App Term, 1st Dept 2005]). Nor does the record at this procedural juncture permit the conclusion that respondent Lin is bound by the jury waiver provision of the lease executed by the nonappearing tenants.
Since the motion court correctly found that petitioner-landlord was entitled to disclosure but that its discovery demand was overbroad, the court properly denied petitioner's discovery motion with leave to renew upon a more narrowly tailored demand.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: February 17, 2017